*157 OPINION OF THE COURT — by the
Hot. POWHATTAN ELLIS.
This cause was tried in the circuit court before the honorable judge Turner, at the April term of 1824. The defendant was indicted for a common assault and battery, and upon his arraignment, pleaded not guilty, —son assault demesne, and that Lydia Bradly was his lawful wife &c. Issue was taken upon all the pleas. After the evidence was submitted, and before the jury retired, the counsel for the defendant moved the court to instruct the jury. If they believed the person named in the bill of indictment, and upon whom the assault and battery was committed, was the wife ofthe defendant, at the time of the assault and battery, — that then and in such case they could not find the defendant guilty. The court refused to give the instructions. prayed for by the defendant, and charged the jury, that a husband could commit an assault and battery on the body of his wife, to which opinion of the court, a bill of exceptions was filed, and the case comes up by writ of error upon petition.
The only question submitted for the 'consideration of the court, is, whether a husband can commit an assault and battery upon the body of his wife. This, as an abstract proposition, will not admit of doubt. Butlamfullypursuaded, from the examination I háve made, an unlimited licence of this kind cannot be sanctioned, either upon principles of law or humanity. It is true, according to the old law, the husband might give his wife moderate correction, because he is answerable for her mis-| behaviour- hence it was thought reasonable, to intrnst him, with a powj er, necessary to restrain the indiscretions of one, for whose conduct he was to be made responsible. Strange, 478, 875; 1 H. P. C. 130. Sir Wil-\ liana Blacks tone says, during the reign of Charles the first, this power was much doubted. — Notwithstanding the lower orders of people still claimed and exercised it as an inherent privilege, which could not he abandoned, without entrenching upon their rightful authority, known and acknowledged from the earliest periods of the common law, down to the present day. I believe it was in a case before Mr. Justice Raymond, when the same doctrine was recognised, with proper limitations and restrictions, well suited to the condition and feelings “of those, who might think proper to use a whip or rattan, no bigger than my thumb, in order to inforce the salutary restraints of domestic discipline. I think his lordship *158 might have narrowed down the rule in such a manner, as to restrain the exercise of the right, within the compass of great moderation, without producing a destruction ofthe principle itself. If the defendant now before us, could shew from the record in this case, he confined himself within reasonable bounds, when he thought proper to chastise his wife, we would deliberate long before an affirmance of the judgment.
The indictment charges the defendant with having made an assault upon one Lydia Bradly, and then and there did beat, bruise, &c.~and the jury have found the defendant guilty, which never could have taken place, ii the evidence supported either the second or third pleas of the accused. It was not necessary for the defendant below to introduce his second and third pleas, as we think he could have made a full and ample defence, upon the same matter, under the plea of the general issue. However abhorrent to the feelings of every member of the bench, must be the exercise of this remnant of feudal authority, to inflict pain and suffering, when all the finer feelings of the heart should be warmed into devotion, by our most, affectionate regards, yet every principle of public policy and expediency, in reference to the domestic relations, would seem to require, the establishment of the rule we have laid down, in order to prevent the deplorable spectacle of the exhibition of similar cases in our courts of justice.— Family broils and dissentions cannot be investigated before the tribunals of the country, without casting a shade over the character of those who are unfortunately engaged in the controversy. To screen from public reproach those who maybe thus unhappily situated, let the husband be permitted to exercise the right of moderate chastisement, in cases of great emergency, and use salutary restraints in every case of misbehaviour, without being subjected to vexatious prosecutions, resulting in the mutua?, discredit and shame of all parties concerned. Judgment, affirmed-